IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Desmond Denzel Allen,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>City of Columbia; Columbia Police Dep't; Nicholas Q. Sexton,<br><br>　　　　　　Defendants. | C/A: 3:23-cv-1783-SAL<br><br><br>**ORDER** |

　　　　Plaintiff Desmond Denzel Allen filed this action pursuant to 42 U.S.C. § 1983 against the City of Columbia[1] and one of its police officers, Nicholas Q. Sexton, for injuries arising out of Defendant Sexton's arrest of Plaintiff on March 28, 2021. Plaintiff filed this action in the Richland County Court of Common Pleas, and the City of Columbia removed it to this court. This matter is before the court on Defendant City of Columbia's motion to dismiss, ECF No. 8, and Defendant Nicholas Q. Sexton's motion for summary judgment, ECF No. 15.

　　　　On August 15, 2023, United States Magistrate Judge Paige J. Gossett issued a Report and Recommendation (the "Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 29.] In the Report, the magistrate judge recommends granting summary judgment to Defendants as to Plaintiff's § 1983 claims and remanding Plaintiff's state law claims to the Richland County Court of Common Pleas. *Id.* at 14. Attached to the Report was a notice advising the parties of the procedures and requirements for filing objections to the Report

---

[1] As noted in the Report and Recommendation, Plaintiff concedes that the Columbia Police Department is not a separate legal entity from the City of Columbia. The court refers to City of Columbia and Columbia Police Department collectively as "the City of Columbia."

1

and the serious consequences if they failed to do so. *Id.* at 15. Neither Plaintiff nor Defendants have filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 29, with the modifications below and incorporates the Report by reference herein. As a result, Defendant City of Columbia's motion to dismiss, ECF No. 8, is **GRANTED IN PART AND DENIED IN PART**. Likewise, Defendant Sexton's motion for summary judgment, ECF No. 21 is **GRANTED IN PART AND DENIED IN PART**. Summary judgment is **GRANTED** as to the § 1983 claims against the Defendants; however, consistent with the magistrate judge's reasoning as outlined in the Report, the court declines to exercise supplemental jurisdiction over the remaining state law claims and **REMANDS** this case to state court.

**IT IS SO ORDERED.**

September 26, 2023                                    Sherri A. Lydon
Columbia, South Carolina                              United States District Judge